WILLIAM G. BRIEN, Respondent, *v.* FRANKLIN STONE, Appellant.

*Horse racing — contract construed to mean that a sum equal to ten per cent of prizes earned, and not a right to any part of the prizes, was to be given to one training the horses — it is not in violation of section 3 of chapter 570 of the Laws of 1895.*

The complaint in an action alleged that the plaintiff and the defendant entered into an agreement, by which the plaintiff agreed to train certain horses belonging to the defendant and to prepare them to be entered in running races to be held under authority of law; that, for such services, the defendant promised and agreed to pay the plaintiff the sum of $100 a month together with the necessary expenses of the training and maintenance of the horses and, in addition thereto, "ten per centum of all sums of money or purses which might be won or earned" by such horses during the continuance of the contract.

*Held,* that the contract should be construed to mean that a part of the plaintiff's compensation was to be a sum of money equal to ten per centum of the prizes earned and received, without, however, conferring any right to, or interest in, the prizes themselves;

That, as thus construed, the contract did not violate section 3 of chapter 570 of the Laws of 1895, which provides, "no person or persons other than the owner or owners of a horse or horses contesting in a race shall have any pecuniary interest in a purse, prize, premium or stake contested for in such race, or be entitled to or receive any portion thereof after such race is finished;"

That, in any event, the agreement to pay the plaintiff $100 a month and expenses was lawful and was separable from that part thereof which provided that the plaintiff should receive ten per centum of the prizes earned and received.

APPEAL by the defendant, Franklin Stone, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of December, 1902, denying the defendant's motion to vacate an attachment theretofore granted in the action.

*James W. Hyde,* for the appellant.

*James C. Cropsey,* for the respondent.

HIRSCHBERG, J.:

The only question necessary to discuss in the determination of this appeal is the legality of the contracts upon which the plaintiff seeks to recover in the action. The attachment was issued against the defendant as a non-resident. The complaint states two causes

of action.   It is alleged in support of the first cause of action that the parties entered into an agreement by the terms of which the plaintiff agreed to train certain horses belonging to the defendant, and to prepare and fit them to be entered in running races to be held in various places under authority of the law, and that for such services the defendant promised and agreed to pay the sum of $100 a month, together with the necessary expenses and costs of the training and maintenance of the horses, and to pay him in addition thereto " ten per centum of all sums of money or purses which might be won or earned " by such horses during the continuance of the contract.   It is farther stated in the complaint that such horses earned in the manner stated the sum of $2,675, and that there is due and owing from the defendant to the plaintiff by reason of that fact, and on other appropriate allegations not necessary to particularize, the sum of $967.50, being the sum of $267.50, the ten per cent alluded to, and $700 of monthly installments.   In support of the second cause of action it is alleged that the defendant purchased from one John B. Ewing a certain horse named " After the Ball " for the sum of $1,250 cash, and an additional sum, to wit, ten per cent of that amount, which Ewing was under contract to pay to the plaintiff at the time of such sale, and which payment the defendant assumed and agreed to make to the plaintiff in addition to the $1,250, and as a part of the purchase price of the horse.

It is not seriously urged upon the brief presented by the learned counsel for the appellant that the allegations as to the second cause of action do not establish a valid claim, the contention with respect to that cause of action being that the plaintiff could not obtain an attachment upon a complaint containing both an attachable and a non-attachable cause of action.   But it is insisted by the appellant that the first cause of action is unlawful, and that, therefore, because of the joinder the attachment should be vacated in its entirety.

I do not think that the first cause of action as stated in the complaint is based upon an illegal contract.   The general rule is stated by Judge ANDREWS in *Lorillard* v. *Clyde* (86 N. Y. 384, 387) as follows : " The presumption is in favor of the legality of contracts. The law does not assume an intention to violate the law, nor will an agreement be adjudged to be illegal, where it is capable of a construction which will uphold it, and make it valid."   Article 1, sec-

tion 9, of the Constitution of this State provides: "Nor shall any lottery or the sale of lottery tickets, pool-selling, book-making, or any other kind of gambling hereafter be authorized or allowed within this State; and the Legislature shall pass appropriate laws to prevent offenses against any of the provisions of this section." Chapter 570 of the Laws of 1895, entitled "An act for the incorporation of associations for the improvement of the breed of horses and to regulate the same; and to establish a State racing commission," was enacted in pursuance of the constitutional provision herein quoted, "the obvious purpose of which," as was stated by the Court of Appeals in *People ex rel. Sturgis* v. *Fallon* (152 N. Y. 1, 7), "is to prevent the offenses mentioned in section nine of article one of the Constitution." By section 3 of the act (as amd. by Laws of 1897, chap. 446) it is provided that any corporation formed under its provisions or entitled to its benefits and privileges "shall have the power and right to hold one or more trotting or running race meetings in each year, and to hold, maintain and conduct trotting or running races at such meetings. At such trotting or running race meetings the corporation, or the owners of horses engaged in such races, or others who are not participants in the race, may contribute purses, prizes, premiums or stakes to be contested for, *but no person or persons other than the owner or owners of a horse or horses contesting in a race shall have any pecuniary interest in a purse, prize, premium or stake contested for in such race, or be entitled to or receive any portion thereof after such race is finished,* and the whole of such purse, prize, premium or stake shall be allotted in accordance with the terms and conditions of such race." By section 16 of the act it is further provided that all racing or trials of speed between horses or other animals for any bet, stake or reward, except such as is allowed by the act or by special laws, is a public nuisance; and that every person acting or aiding therein, or making or being interested in such bet, stake or reward, is guilty of a misdemeanor. It is obvious that under the agreement alleged in the first cause of action, the plaintiff cannot be regarded in any sense as guilty of the misdemeanor referred to, as the contract has no relation whatever to a bet, stake or reward, other than such as is allowed by the act in question; nor do I see how the plaintiff can be held to have been pecuniarily interested

in the purses, prizes, premiums or stakes, *as such,* which may have been contested for by the horses which he trained. Without determining the question of the validity of the act or its constitutionality in so far as it authorizes the conferring of prizes, etc., it is sufficient to support the order appealed from to hold that the evident purpose of the contract was to measure the compensation to be paid to the plaintiff, in addition to the $100 a month and expenses, by the sum of money which the defendant might receive in the competitions which the Legislature has assumed to authorize. The plaintiff's contract to render the services in question was legal, and it was unquestionably legal for the defendant to provide for compensation therefor. The construction to be placed upon the contract is that a part of the plaintiff's compensation was to be a sum of money equal to ten per centum of the prizes earned and received, without, however, conferring any right to or interest in the prizes themselves and, therefore, such contract was neither within the letter or spirit of the prohibition against the maintenance of an interest or right in the prizes *as such* by any person other than the owner of the horses. It may be added that in any event the agreement to pay $100 a month and expenses is clearly lawful and is separable from that part of the agreement now under consideration.

It follows that the order should be affirmed.

GOODRICH, P. J., WOODWARD and HOOKER, JJ., concurred; BARTLETT, J., concurred on ground last stated in opinion.

Order affirmed, with ten dollars costs and disbursements.